■ WILLIAM JOSEPH DEANGELIS et al., Respondents, v MARTENS FARMS, LLC, Respondent, and KRISTIE E. MARION, Appellant. (Appeal No. 2.) [960 NYS2d 669]—

Appeal from an order of the Supreme Court, Cayuga County (Mark H. Fandrich, A.J.), entered May 23, 2012. The order bifurcated the trial.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this negligence action in which plaintiffs seek damages for injuries allegedly sustained by plaintiff William Joseph DeAngelis in a motor vehicle accident, Supreme Court did not abuse its discretion in granting the motion of defendant Martens Farms, LLC (Martens) to bifurcate the trial. Although issues of liability and damages in a negligence action generally "are distinct and severable and should be tried separately" (*Iglesias v Brown*, 59 AD3d 992, 993 [2009]; *see* 22 NYCRR 202.42 [a]), an exception to that rule arises where the plaintiff's injuries have "an important bearing" on the issue of liability (*Parmar v Skinner*, 154 AD2d 444, 445 [1989]; *see Kotarski v Kotecki & Sons*, 239 AD2d 909, 910 [1997]). Notably, plaintiffs supported the motion while defendant Kristie E. Marion opposed bifurcation. In opposing the motion, however, Marion failed to establish the need to depart from the general rule (*see Hrusa v Bogdan*, 278 AD2d 947, 947 [2000]; *Armstrong v Adelman Automotive Parts Distrib. Corp.*, 176 AD2d 773, 773-774 [1991]; *see also Fetterman v Evans*, 204 AD2d 888, 889-890 [1994]). Present—Scudder, P.J., Centra, Carni, Lindley and Sconiers, JJ.